UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FIRST AMERICAN PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>                          Plaintiff,<br><br>        v.<br><br>SHANNON SWICK, et al.,<br><br>                          Defendants. | CASE NO. C24-5792 BHS<br><br>ORDER |

THIS MATTER is before the Court on plaintiff First American Property &

Casualty Insurance Company's motion for default judgment, Dkt. 11. The case involves

First American's claim for a declaratory judgment that its insurance policy does not

provide coverage for defendant Barbara Waters'[1] underlying tort claim against

defendants Shannon Swick, Michael Swick, and Swick & Sons Enterprises, Inc. Dkt. 1.

In the underlying lawsuit, Waters alleged that the Swicks' Rottweiler bit her while she

was delivering a package for the U.S. Postal Service. Dkt. 1. First American's complaint

---

[1] Waters conceded that her claim was not covered by First American's policy, and she was dismissed from this action with prejudice. Dkts. 7 and 10.

alleges, and its motion seeks a determination, that its policy does not cover dog bites inflicted by Rottweilers.

First American has demonstrated that all defendants have been served, and that none have appeared, answered, or otherwise defended this action. Dkt. 11 at 2. It also contends and demonstrates that the automatic stay imposed by Shannon Swick's bankruptcy has been lifted. Dkt. 12-1. First American seeks both entry of default under Federal Rule of Civil Procedure 55(a) and a default judgment on its "no coverage" declaratory judgment claim under Rule 55(b). Dkt. 11.

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the Court takes as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d

811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id*. The Court exercises its discretion under the so-called *Eitel* factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

Other than the goal of resolving cases on their merits, none of these considerations weigh against a default judgment in this case. There is no money at stake, there are apparently no disputed facts, and the Complaint asserts and appears to demonstrate that a claim arising out of a Rottweiler bite is expressly excluded from First American's insurance policy.

Accordingly, First American's motion for default and for default judgment, Dkt. 11, is **GRANTED**. First American has no duty to defend or indemnify defendants Shannon Swick (now Smith), Michael Swick, or Swick & Sons Enterprises from Waters' tort claims in the underlying action.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 7th day of January, 2025.

BENJAMIN H. SETTLE
United States District Judge